FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 JUN 24 A 11: 06

CLERK _____

| | | |
|---|---|---|
| JOANN WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-023 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP") in the above-captioned employment discrimination case. As Plaintiff's amended complaint was filed IFP, it must be screened to protect potential defendants.[1] Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Although pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

---

[1] On May 8, 2008, the Court reviewed Plaintiff's complaint in conformity with the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). (Doc. no. 17). Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Id. at 3-5). Plaintiff has submitted an amended complaint (doc. no. 19), and it is this document that the Court will now screen.

## I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) the Georgia Department of Corrections ("GDC"); (2) James Donald, Commissioner, GDC; (3) Johnny Sikes, Regional Director, GDC; (4) Fred Burnette, Warden, Telfair State Prison ("TSP"); (5) David Spires, Lieutenant, TSP; (6) Sam Zanders, Captain, TSP; and (7) Dennis McCranie, Lieutenant, TSP. (See doc. no. 19, pp. 1 & 6). Plaintiff submits that, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendants discriminated and retaliated against her. (See id. at 7-16).

Plaintiff alleges that she was previously employed at TSP. (Id. at 7). Plaintiff contends that, in January 2007, she was called to Defendant Zanders's office, where she explained that, based on her experience, she should be assigned to the "Floor." (Id. at 10). According to Plaintiff, Defendant Zanders informed her that, once the prison became fully staffed, female officers would be assigned to the "Floor." (Id.).

Plaintiff further alleges that, in January 2007, Defendant McCranie gave an inappropriate "callout" and "stand-by," which she discussed with other officers. (Id. at 8). Plaintiff contends that, during the "1st Shift Briefing" on February 20, 2007, Defendant Spires informed the officers that, "if [they] told on him or any other supervisors[,] he would be coming to [their] house[s] . . . ." (Id. at 7). Plaintiff explains that, during the "1st Shift Briefing" on February 23, 2007, Defendant Spires ordered all female officers to leave while he met with the male officers. (Id.).

Next, Plaintiff alleges that, in April 2007, she requested to speak with an Equal Employment Opportunity Commission ("EEOC") counselor. (Id. at 9). Plaintiff contends that Defendant Spires then ordered her to report to Defendant Zanders's office. (Id.).

2

Plaintiff maintains that, during their meeting, Defendant Zanders stated that female officers were treated differently "out of respect." (Id.). Plaintiff also explains that she advised Defendant Zanders that she had "lost confidence" because of the way she was treated. (Id.).

Plaintiff then alleges that, "upon a new post assignment," she discovered a security breach while working as a "Floor Officer." (Id. at 11). Plaintiff contends that this security breach was also observed by other officers, who were "astounded." (Id.). Plaintiff maintains, "[T]his resulted in [a] high [l]evel of stress and an attempt to implicate me in incompetence and negligence. I resigned." (Id.).

Finally, Plaintiff complains that an employee at TSP, who was allegedly demoted due to sexual harassment, was subsequently promoted by Defendant Burnette. (See id. at 14). Plaintiff contends that Defendants Sikes and Donald are "aware of this promotion or accountable for it." (Id.). Plaintiff also submits that Defendant Donald is accountable for the events forming the basis of the above-captioned complaint and for "no promotions for female officers at [TSP]." (Id. at 16). Plaintiff concludes, "I filed discrimination charges in November 1999 about policies at [TSP]. [Defendant Sikes] was Regional Director at that time and is aware of the disparate treatment of female officers at [TSP]." (Id. at 15). As relief, Plaintiff requests $600,000.00 in unspecified damages. (Id. at 7-11).

## II. DISCUSSION

In its May 8, 2008 Order, the Court explained that, in order to proceed with a viable Title VII claim, Plaintiff must proffer certain requisite elements.[2] (Doc. no. 17, p. 4). For example, the elements of a viable Title VII claim based on a hostile work environment theory

---

[2] Although Plaintiff is not required to plead her cause(s) of action with specificity, she must provide enough information to give Defendants fair notice of the basis of her asserted claims. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002).

3

include: (1) Plaintiff was harassed because of her sex; (2) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment; and (3) there is some basis for holding her employer liable. Baldwin v. Blue Cross/Blue Shield of Alabama, 480 F.3d 1287, 1301 (11th Cir. 2007). Similarly, the elements of a viable Title VII claim based on a "tangible employment action" theory include: (1) Plaintiff was harassed because of her sex; (2) Plaintiff suffered a "significant change in employment status"; (3) there is a causal connection between the "tangible employment action" and the sexual harassment; and (4) there is some basis for holding her employer liable. Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1231 (11th Cir. 2006).

Finally, the elements of a viable Title VII retaliation claim include: (1) Plaintiff engaged in statutorily protected expression; (2) Plaintiff suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity. Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, 1028 (11th Cir. 2008) (quoting Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453 (11th Cir. 1998)). "An employee engages in a statutorily protected expression if she 'opposes' a practice forbidden under Title VII . . . or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceedings, or hearing.'" Duncan v. Madison County, No. 07-14847, 2008 WL 943591, at *3 (11th Cir. Apr. 9, 2008) (*per curiam*) (quoting 42 U.S.C. §2000e-3(a)). Furthermore, "[t]he challenged action must be materially adverse from the standpoint of a reasonable employee. To show the adverse action was causally related to the employee's protected expression, the plaintiff must prove 'that the protected activity and the adverse action are not completely unrelated.'" Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 976 n.52

(11th Cir. 2008) (internal citations omitted). Although the "causal link requirement" is interpreted broadly, "merely showing that the alleged adverse action occurred sometime after the protected expression does not establish the causation element-for temporal progression to be enough, the events must be in 'very close' proximity." Id. (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268 (2001)).

Furthermore, as the Court previously explained (doc. no. 17), the amended complaint supersedes and replaces in its entirety Plaintiff's original complaint. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supercedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). Thus, for the purposes of screening, the Court only has before it the facts and issues proffered in Plaintiff's amended complaint. In this regard, the Court's May 8, 2008 Order also explained that the two principal purposes of a complaint are to give the defendants fair notice of the basis of her claims, and to allow the Court to determine whether the allegations, if proven, entitle her to the sought-after relief. (See doc. no. 17).

Upon review of the amended complaint, the Court concludes that the alleged facts are insufficient to support Plaintiff's asserted claims. Plaintiff alleges that, in January 2007, Defendant McCranie made inappropriate comments. (Doc. no. 19, p. 8). Plaintiff also contends that, in April 2007, Defendant Zanders stated that female officers were treated differently "out of respect." (Id. at 9). Plaintiff further maintains that, after there was an attempt to implicate her in a security breach, she resigned due to stress. (Id. at 11). Assuming, *arguendo*, that Defendant McCranie made inappropriate comments, that female officers at TSP were somehow "treated differently out of respect," and that Plaintiff resigned due to stress associated with the security breach, she fails to allege facts sufficient to

5

establish that her workplace was permeated with discriminatory intimidation, ridicule, or insult. Reeves v. C.H. Robinson Worldwide, Inc., 525 F.3d 1139, 1145 (11th Cir. 2008). Furthermore, rather than reporting Defendant McCrannie's alleged comments, or any specific incident of sexual harassment, Plaintiff merely contends that she discussed the "inappropriateness" of the comments with co-workers. Indeed, Plaintiff has proffered no facts indicating that supervisory officials had notice of specific incidents of sexual harassment and failed to take corrective action, or that there is any basis for holding her employer liable. Watson v. Blue Circle, Inc., 324 F.3d 1252, 1257 (11th Cir. 2003). Although Plaintiff alleges that, on February 20, 2007, Defendant Spires threatened officers about making reports to supervisors, Plaintiff maintains that she subsequently discussed her general treatment with Defendant Zanders. Finally, despite Plaintiff's conclusory allegations concerning the events leading to her resignation, Plaintiff fails to provide any facts concerning her alleged implication in the security breach, explaining how the actions of any Defendant resulted in a stressful work environment, or describing how the actions of any Defendant was sufficiently severe or pervasive as to alter the terms and conditions of her employment. Therefore, Plaintiff fails to state a claim upon which relief may be granted with respect to her Title VII claim based on a hostile work environment theory.

Plaintiff also fails to state a viable Title VII claim based on a "tangible employment action" theory. Plaintiff alleges that, in January 2007, Defendant Zanders stated that female officers would be assigned to the "Floor" when TSP became fully staffed. (Doc. no. 19, p. 10). Plaintiff also contends that, while she was employed at TSP, there were "no promotions for female officers." (Id. at 16). However, when describing the events leading to her decision to resign, Plaintiff submits that she had received a "new post assignment" as a

"Floor Officer." (Id. at 11). Putting aside this contradiction, because Plaintiff has proffered no facts suggesting that assignment to the "Floor" would constitute a promotion, significantly alter her responsibilities, or change her benefits, she fails to allege facts sufficient to establish that sexual harassment culminated in a "tangible employment action." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). Furthermore, although Plaintiff contends that no women were assigned to the "Floor" in January 2007, she has proffered no facts indicating that this staffing decision constituted a serious or material change in the terms, conditions, or privileges of employment. Webb-Edwards, 525 F.3d at 1032 (explaining, *inter alia*, that not all conduct by an employer negatively affecting an employee constitutes adverse employment action). Moreover, rather than alleging some causal connection between a "tangible employment action" and the alleged sexual harassment, Plaintiff merely submits that Defendant Zanders explained that female officers were not assigned to the "Floor" because TSP was not fully staffed. Therefore, Plaintiff fails to state a claim upon which relief may be granted with respect to her Title VII claim based on a "tangible employment action" theory.

Finally, Plaintiff fails to state a viable Title VII retaliation claim. Plaintiff alleges that, in April 2007, she requested to speak with an EEOC counselor. (Doc. no. 19, p. 9). Assuming, *arguendo*, that Plaintiff sought to oppose a practice forbidden under Title VII and that she was subsequently compelled to resign because of intolerable working conditions, she fails to allege facts sufficient to establish a causal connection between the alleged protected activity and the adverse action. Although a "very close" temporal proximity may satisfy the causation element, Plaintiff does not provide a time-line of when her resignation occurred in relation to her alleged protected activity, and thus, Plaintiff fails to allege sufficient facts

suggesting that these events were not completely unrelated.[3] Therefore, Plaintiff fails to state a claim upon which relief may be granted with respect to her Title VII retaliation claim.

Simply put, even *liberally* construing Plaintiff's amended complaint, Plaintiff has not alleged sufficient information to state a viable Title VII claim or to show that she is entitled to the sought-after relief. Although Plaintiff has described her dissatisfaction with some alleged gender-related comments and actions, Title VII is not a "general civility code." Webb-Edwards, 525 F.3d at 1027 (citing Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998)). Therefore, Plaintiff's asserted Title VII claims should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 24th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] Similarly, although Plaintiff alleges that she filed "discrimination charges" concerning policies at TSP in November 1999 (doc. no. 19, p. 15), the Court finds that there is no causal relationship between that event and her decision to resign several years later. Cf. Webb-Edwards, 525 F.3d at 1029 ("Action taken (as here) 20 months later suggests by itself, no causality at all.").

8